IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA,**

v.  Criminal Case No. 3:22-cr-156

**CHARLES RANDOLPH GREENE,**

**Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Charles Randolph Greene's Amended Motion to Withdraw Plea Due to Legal Innocence and Memorandum in Support (the "Motion to Withdraw Guilty Plea" or "Motion") pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B).[1] (ECF No. 38.) In the Motion, Mr. Greene contends that 18 U.S.C. § 922(g)(1) is unconstitutional both facially and as-applied. (ECF No. 38, at 1.) Thus, Mr. Greene "seeks to withdraw his plea based on a claim of legal innocence[.]" (ECF No. 38, at 1.) For the reasons that follow, the Court will deny the Motion. (ECF No. 38.)

---

[1] Federal Rule of Criminal Procedure 11(d) provides:

(d) WITHDRAWING A GUILTY OR NOLO CONTENDERE PLEA. A defendant may withdraw a plea of guilty or nolo contendere:

    (1) before the court accepts the plea, for any reason or no reason; or

    (2) after the court accepts the plea, but before it imposes sentence if:

        (A) the court rejects a plea agreement under Rule 11(c)(5); or

        (B) the defendant can show a fair and just reason for requesting the withdrawal.

Fed. R. Crim. P. 11(d).

## I. Factual and Procedural Background

### A. Factual Background

On July 14, 2022, an individual called the Richmond Police Department ("RPD") to report that they had asked another person to leave private property, and that individual then "began to pull a suspected firearm from a green bag[.]" (ECF No. 39, at 1–2.) "An RPD officer responded to the call for service and approached [Greene]", who had a green bag with him. (ECF No. 39, at 2.) The officer ordered Greene "to walk towards him, but [Greene] ignored the command, dropped the green bag, and walked away from the officer." (ECF No. 39, at 2.) The officer chased Mr. Greene on foot, detained him, and recovered the green bag. (ECF No. 39, at 2.) The bag contained a firearm. (ECF No. 39, at 2.)

At the time of his arrest, Greene had multiple prior felony convictions for: (1) possession with intent to distribute cocaine; (2) grand larceny; (3) distribution of cocaine; (4) conspiracy to distribute cocaine; (5) possession of cocaine; and (6) possession of controlled substances. (ECF No. 30, at 8–9, 12, 16, 18, 20, 24.)

### B. Procedural History

On October 18, 2022, a Grand Jury indicted Mr. Greene for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (ECF No. 4, at 1.)

On April 4, 2023, Mr. Greene pled guilty to violating § 922(g)(1). (ECF No. 19.) Two months later, on June 9, 2023, Greene moved to withdraw his plea due to legal innocence. (ECF No. 29.) The United States responded, and Mr. Greene replied. (ECF Nos. 34, 35.) Because Greene "filed a reply brief five times longer than the original motion, which included new arguments and significantly expanded upon issues only vaguely referenced in the original motion", the United States asked the Court for leave to file a sur-reply. (ECF No. 36, at 1.) The

Court denied the United States' request and instead ordered re-briefing on Greene's Motion to Withdraw Guilty Plea. (ECF No. 37, at 1.)

On July 17, 2023, Mr. Greene filed his Amended Motion to Withdraw Guilty Plea. (ECF No. 38.) The United States responded, and Greene replied. (ECF Nos. 39, 40.) On August 27, 2023, Greene filed a Notice of Supplemental Authorities. (ECF No. 41.) For the reasons articulated below, the Court will deny the Motion. (ECF No. 38.)

## II. Standard of Review

### A. Federal Rule of Criminal Procedure 11(d)(2)(B)

A defendant may not withdraw a guilty plea as a matter of right, even before sentencing. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). Following a plea of guilty, a defendant may withdraw that plea only if he or she demonstrates a "fair and just reason" for withdrawal. Fed. R. Crim. P. 11(d)(2)(B). The United States Court of Appeals for the Fourth Circuit has set forth six nonexclusive factors a court should employ when evaluating whether a defendant has met the burden of demonstrating a "fair and just reason." *See Moore*, 931 F.2d at 248. Under *Moore*, a district court should consider:

> (1) whether the defendant has offered credible evidence that his [or her] plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his [or her] legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

*Id.*

Importantly, "[t]he consideration of these factors is not 'a rigidly mechanistic test, for the conspicuous fuzziness of [the] operative terms—"fair and just"—precludes such an endeavor.'" *United States v. Thompson-Riviere*, 561 F.3d 345, 348 (4th Cir. 2009) (quoting *United States v.*

3

*Sparks*, 67 F.3d 1145, 1154 (4th Cir. 1995)) (second alteration in original). Rather, the Court "should balance these factors, along with any other pertinent information, to reach its decision." *Id.* (citing *United States v. Faris*, 388 F.3d 452, 461 (4th Cir. 2004)). That said, "[a] Rule 11 colloquy weighs heavily against granting a motion to withdraw a guilty plea." *United States v. Darcus*, No. 3:02-CR-418 (REP), 2009 WL 4110262, at *2 (E.D. Va. Nov. 24, 2009) (citing *Faris*, 388 F.2d at 456).

Where a motion to withdraw is based on ineffective assistance of counsel, "a defendant must show 1) that his [or her] counsel's actions fell below an objectively reasonable standard, and 2) that but for the attorney's errors, it is reasonably probable that the defendant would have chosen to face trial rather than plead guilty." *United States v. Dyess*, 478 F.3d 224, 237 (4th Cir. 2007) (citations omitted).

### B.  Facial and As-Applied Challenges

"To succeed in a facial constitutional challenge, a movant 'must establish that no set of circumstances exists under which the [law] would be valid.'" *United States v. Hosford*, 843 F.3d 161, 165 (4th Cir. 2016) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)); *see Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 (2008) (stating that a facial challenge can only succeed when a party shows "that the law is unconstitutional in all of its applications"). "Because of this stringent standard, a facial challenge is perhaps 'the most difficult challenge to mount successfully.'" *Hosford*, 843 F.3d at 165 (quoting *Salerno*, 481 U.S. at 745).

By contrast, "[a]n as-applied challenge requires only that the law is unconstitutional as applied to the challenger's case[.]" *United States v. Mgmt. Consulting, Inc.*, 636 F. Supp. 3d 610, 619 (E.D. Va. 2022). An as-applied challenge must be "based on a developed factual

4

record and the application of a statute to a specific person." *Richmond Med. Ctr. for Women v. Herring*, 570 F.3d 165, 172 (4th Cir. 2009) (en banc).

### III. Analysis

In his Motion to Withdraw Guilty Plea, Mr. Greene presents both facial and as-applied challenges to the constitutionality of § 922(g)(1), contending that his prosecution under this statute violates the Second Amendment as interpreted by the Supreme Court in *New York State Rifle & Pistol Association, Inc., et al. v. Bruen*, 142 S. Ct. 2111 (2022). (ECF No. 38, at 1, 6.) Greene further supports his Motion by arguing: (1) "his plea was not knowing and voluntary" because "he was not aware of the possible legal defense that § 922(g) is unconstitutional"; (2) "any delay between the entry of a plea in April and the [Motion to Withdraw Guilty Plea] in June is not based on [] Greene's failure to assert his claim in a timely manner"; (3) "the United States will not be prejudiced by the withdrawal of the plea"; and (4) withdrawal of his plea "will not [in]convenience the Court nor waste judicial resources[.]" (ECF No. 38, at 4–5.) The United States, in contrast, argues that Greene "has failed to meet his burden of showing that he is legally innocent and no other factors exist that would support the withdrawal of [his] plea[.]" (ECF No. 39, at 30.) The Court will deny the Motion, (ECF No. 38), because Greene has failed to show a "fair and just reason" for withdrawal. Fed. R. Crim. P. 11(d)(2)(B).

#### A. Greene Fails to Credibly Assert His Legal Innocence

The Court will first address *Moore* factor two: whether Mr. Greene has credibly asserted his legal innocence. He has not. Mr. Greene contends that 18 U.S.C. § 922(g)(1) is unconstitutional both facially and as applied to him because he is a non-violent felon and the Second Amendment's protections extend to felons. (ECF No. 38, at 6–7, 11–15.) Greene first argues that at step one of *Bruen*'s Second Amendment analysis, "the Second Amendment's

'plain text' entitles 'the people' to the right to keep and bear arms, and nothing in the [Second Amendment's] text or the Supreme Court's cases suggest[s] felons are not among 'the people.'" (ECF No. 38, at 7.) Second, he argues that "under *Bruen*'s 'text and history' standard", step two of *Bruen*'s Second Amendment analysis, "the government will be unable to rebut the presumption that § 922(g)(1) is unconstitutional." (ECF No. 38, at 7.) Third, Mr. Greene states that § 922(g)(1) is also unconstitutional as applied to him because his "prior felony convictions . . . are not violent", and thus he is "one of 'the people' that the Second Amendment demands must be allowed to bear arms and carry necessary ammunition[.]" (ECF No. 38, at 21.)

The Court has already carefully considered and denied each of the *Bruen*-based arguments set forth in Mr. Greene's Motion.[2] *See United States v. Hill*, -- F. Supp. 3d--, No. 3:23-CR-114 (MHL), 2023 WL 8238164, at *7 (E.D. Va. Nov. 28, 2023) (holding that "[u]nder an analytical framework permissible even after *Bruen*", existing Fourth Circuit caselaw upholding the constitutionality of § 922(g)(1) both facially and as-applied to both violent and non-violent felons remains binding) (citing *United States v. Moore*, 666 F.3d 313 (4th Cir. 2012) and *United States v. Pruess*, 703 F.3d 242 (4th Cir. 2012)).[3] Other courts in this district have

---

[2] In support of his Motion to Withdraw Guilty Plea, Mr. Greene cites to and attaches Congress's first Militia Act, Act of May 8, 1792, § 1, 1 Stat. 271 (the "First Militia Act"). (ECF Nos. 38, at 20; 38-1.) The defendant in *United States v. Hill* also cited to and attached the First Militia Act to his briefing. *See United States v. Hill*, 3:23-CR-114 (MHL) (E.D. Va. Oct. 4, 2023) (ECF Nos. 15, at 15–16; 15-1). The defendant in *Hill* added and cited to eight state militia statutes passed shortly before or after the Second Amendment's ratification. *See id.* (ECF No. 15, at 16; ECF No. 15-2.) The marginally different record here relative to that in *Hill* does not affect the Court's analysis.

[3] In *Hill*, this Court suggested in the alternative that if it "were required to opine on the constitutionality of § 922(g)(1) under *Bruen*, [it] would find, on this limited record, that felons are not covered by the plain text of the Second Amendment because they are not, and never were, 'among "the people" whose conduct the amendment protects.'" *Hill*, 2023 WL 8238164, at *9 (quoting *United States v. Lane*, No. 3:23-CR-62 (RCY), 2023 WL 5663084, at *8 (E.D. Va. Aug. 31, 2023)). Furthermore, this Court stated in *Hill* that *Range v. Att'y Gen.*, 69 F.4th 96 (3d

6

persuasively done the same. *See, e.g., United States v. Lane*, No. 3:23-CR-62 (RCY), 2023 WL 5663084, at *6 (E.D. Va. Aug. 31, 2023); *United States v. Riley*, 635 F. Supp. 3d 411, 424 (E.D. Va. 2022); *United States v. Finney*, No. 2:23-CR-13 (JKW), 2023 WL 2696203, at *3 (E.D. Va. Mar. 29, 2023). This Court sees no reason to deviate from this prior analysis and instead adopts in full the reasoning previously set forth in its decision in *United States v. Hill*. *See* 2023 WL 8238164. Accordingly, Mr. Greene has failed to satisfy his "burden to credibly assert his legal innocence." *See United States v. Malone*, No. 3:22-CR-182 (RCY), 2023 WL 5960750, at *2 (E.D. Va. Sept. 13, 2023). This factor "heavily weighs against granting" the Motion. *See id.* The Court evaluates the remaining *Moore* factors next.

### B. Greene Has Not Shown That His Plea Was Not Knowing or Voluntary

Mr. Greene's challenge under *Moore* factor one—whether his plea was knowing and voluntary—also founders. Mr. Greene argues that "his plea was not knowing and voluntary" because "he was not aware of the possible legal defense that § 922(g) is unconstitutional." (ECF No. 38, at 4.) In response, the United States asserts that Greene swore under oath during his Fed. R. Crim. P. 11 colloquy "that his plea was knowing and voluntary." (ECF No. 39, at 4.) In his reply, Mr. Greene does not dispute that he stated under oath that his plea was knowing and voluntary. (*See generally* ECF No. 40.)[4]

---

2023), a case upon which Greene heavily relies, is neither binding nor persuasive. *Id.* at *17 n.38.

[4] Additionally, on April 4, 2023, Mr. Greene signed a Waiver of Right to Rule 11 Proceedings Before a United States District Judge (the "Rule 11 Waiver"). (ECF No. 20.) In the Rule 11 Waiver, Mr. Greene acknowledged that "once a finding has been made that [his] plea is knowingly and voluntarily entered and once the plea has been accepted, [he] will not be permitted to withdraw the plea except upon a showing of a fair and just reason." (ECF No. 20, at 1.)

The United States Magistrate Judge conducted an extensive colloquy with Mr. Greene before recommending a finding of guilt. (ECF No. 23, at 1–3.) Based on Mr. Greene's statements during the colloquy, which he "made . . . under oath, on the record", the Magistrate Judge found in her Report and Recommendation, ("R&R"), *inter alia*, that Mr. Greene "knowingly and voluntarily" pled guilty "with full knowledge of the consequences and with an independent basis in fact to support said plea." (ECF No. 23, at 1–3.) This also buttresses the finding that Mr. Greene made a knowing and voluntary plea. Finally, Mr. Greene forewent the opportunity to withdraw his plea when he did not object to the Magistrate Judge's Report and Recommendation during the fourteen days in which he could have done so.

Due to Mr. Greene's statements during his Rule 11 colloquy, his skipped opportunity to object to the R&R, and this Court's rejection of his constitutional challenges, this factor weighs against granting Mr. Greene's Motion. *See United States v. Blick*, 408 F.3d 162, 170–71 (4th Cir. 2005) (collecting cases rejecting claims that pleas were not knowing and voluntarily where defendants did not anticipate changes in the law).

### C.    The Delay Between the Plea and the Motion is Neutral

*Moore* factor three—the delay between Mr. Greene's guilty plea and his Motion to Withdraw—weighs neither for nor against Mr. Greene. Mr. Greene contends that his approximately nine-week delay between the entry of a plea and his Motion to Withdraw Guilty Plea "is not based on [his] failure to assert his claim in a timely manner, rather it is due to the timing of the published opinion in *Range*[,]" which was published on June 6, 2023. (ECF No. 38, at 4 (citing 69 F.4th 96); *see also* ECF No. 40, at 5.) In response, the Government cites *United States v. Cline*, (ECF No. 39, at 5), which held that a delay "was significant" when a defendant filed a motion to withdraw her guilty plea "nearly three months after [her] Rule 11

hearing and only three days before her sentencing hearing." 286 F. App'x 817, 822 (4th Cir. 2008); *but see United States v. Bowman*, 348 F.3d 408, 415–16 (4th Cir. 2003) (three-month delay between entering plea and filing motion to withdraw was not prejudicial, and thus the third *Moore* factor "slightly favored [defendant's] cause"). The nine-week delay in seeking withdrawal does not weigh against Mr. Greene, especially given the intervening decision in *Range*. Nor for that matter, does it favor the United States.

*Moore* factor three applies neither for nor against either party because "Fourth Circuit caselaw exists to support either side's argument on this factor." *Malone,* 2023 WL 5960750, at *4 (finding that a "seven-week delay" between a guilty plea and a motion to withdraw weighed in favor of neither party, in part because the Fourth Circuit has found both that a three-month delay weighed slightly in favor of granting withdrawal, and that a six-week delay weighed against granting a motion to withdraw) (citing *Bowman*, 348 F.3d at 415–16; *Moore*, 931 F.2d at 248; and *United States v. Gaines*, No. 21-4195, 2023 WL 5745367, at *2 (4th Cir. Sept. 6, 2023)). Moreover, the filing of his Motion only after an intervening change in law is eminently reasonable.

### D. Greene Has Not Shown Lack of Close Assistance of Competent Counsel

Turning to *Moore* factor four, Mr. Greene contends that he lacked close assistance of competent counsel because "[t]here was no motion based on *Bruen* filed with the Court prior to" his guilty plea, and "[p]rior to the guilty plea, counsel did not advise [] Greene that he could file a motion to dismiss the indictment" based on *Bruen*. (ECF No. 38, at 23.) For the reasons discussed above, § 922(g)(1) is facially constitutional and constitutional as applied to Greene. And, Mr. Greene's counsel filed the Motion in a reasonable time after *Bruen* was released. Thus, Mr. Greene has failed to show ineffective assistance of counsel because he has failed to show

9

that his "counsel's actions fell below an objectively reasonable standard . . . and [] but for the attorney's errors, it is reasonably probable that the defendant would have chosen to face trial rather than plead guilty." *See Dyess*, 478 F.3d at 237; *see also Cline*, 286 F. App'x at 822 (no deprivation of close assistance of competent counsel where defense counsel failed to raise meritless constitutional challenge). Accordingly, *Moore* factor four also weighs against granting the Motion.

### E. <u>Withdrawal Would Not Prejudice the United States</u>

Regarding *Moore* factor five, Mr. Greene maintains that "the United States will not be prejudiced by the withdrawal of the plea." (ECF No. 38, at 4.) He explains that "[i]f the plea is allowed to be withdrawn, the only defense [he] can raise is a legal question, not factual, and there would be no need for a fact[-]intensive trial in this case." (ECF No. 38, at 4–5.) Mr. Greene also notes that he "is willing to preserve the constitutional issue for appeal by entering a conditional guilty plea if the Court allows him to withdraw his plea and rules that § 922(g) is constitutional facially and as applied to Mr. Greene." (ECF No. 38, at 5.) In response, the United States cites to *United States v. Carr*, 80 F.3d 413, 420 (10th Cir. 1996), for the proposition that "the withdrawal of a guilty plea inherently prejudices the government to some degree." (ECF No. 39, at 29–30). Because Mr. Greene's defense would be purely legal, the Court concludes that this factor weighs slightly in favor of granting Mr. Greene's Motion. *See United States v. Abdelhadi*, 327 F. Supp. 2d 587, 597 (E.D. Va. 2004) (noting that "prejudice to the government[] was not an obstacle to withdrawal" where the government did "not indicate[] that any of its evidence is now stale or would be unavailable at the time of trial"). But this does not end the analysis.

### F. Withdrawal Would Inconvenience the Court and Waste Judicial Resources Because No Legal Basis to Withdraw Exists

The final *Moore* factor regarding inconvenience to the Court and any waste of judicial resources weighs heavily against granting Mr. Greene's Motion. Under *Moore* factor six, Mr. Greene argues that "the withdrawal will not [in]convenience the Court nor waste judicial resources when compared to the injustice, as well as judicial resources that will be invoked, that will occur if [] Greene is sent to prison for actions later determined to not constitute a crime." (ECF No. 38, at 5.) The Government disagrees, noting that withdrawal "where no legal basis exists" would "waste judicial resources". (ECF No. 39, at 29–30.) Because the Court rejects Mr. Greene's constitutional challenges, the Court concludes that this factor weighs against granting Mr. Greene's Motion. *See Malone*, 2023 WL 5960750, at *5 (withdrawing a guilty plea based on § 922(g)(1) constitutional challenge would waste judicial resources, and therefore weighed against withdrawal, where defendant's argument lacked merit).

### G. On Balance, the *Moore* Factors Weigh Strongly Against Granting the Motion

Because *Moore* factors one, two, four, and six weigh strongly against granting the Motion, because factor three weighs in favor of neither party, and because factor five weighs only slightly in favor of granting the Motion, the Court concludes that Mr. Greene has failed to show a "fair and just reason" for withdrawal of his guilty plea. Fed. R. Crim. P. 11(d)(2)(B); *United States v. Ubakanma*, 215 F.3d 421, 425 (4th Cir. 2000) (denial of motion to withdraw guilty plea proper where only one *Moore* factor weighed in defendant's favor); *Malone*, 2023 WL 5960750, at *5 (holding same) (citations omitted). The Court must deny his Motion.

## IV. Conclusion

For the foregoing reasons, the Court will deny Mr. Greene's Amended Motion to Withdraw Guilty Plea. (ECF No. 38.)

An appropriate Order shall issue.

Date: 12/22/23
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge